Marion John PHILIPPUS, Plaintiff-Appellant,

v.

Robert E. GRIFFIN, individually, and as Special Agent in Charge of the Office of the Inspector General, United States Department of Health and Human Services, and Margaret Heckler, as Secretary, United States Department of Health and Human Services, Defendants-Appellees.

No. 83–2445.

United States Court of Appeals, Tenth Circuit.

April 17, 1985.

---

James J. Zak of Towey & Zak, Denver, Colo., on briefs, for plaintiff-appellant.

Robert N. Miller, U.S. Atty., and Henry L. Solano, Asst. U.S. Atty., D. Colo., Denver, Colo., on brief, for defendants-appellees.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff appeals from the district court's dismissal of his case for failure to state a claim upon which relief may be granted. Plaintiff's complaint involved a letter written by defendant Griffin, Special Agent-in-Charge, Office of the Inspector General of the Department of Health and Human Services, to plaintiff's supervisor, the Regional Commissioner of the Social Security Administration, Department of Health and Human Services, complaining about plaintiff's alleged interference with an official investigation. Plaintiff alleged that the letter defamed him, was an attempt to deny his right to freedom of speech, and was outrageous conduct.

The trial court dismissed that part of the complaint alleging defamation on the ground that the government, through the Federal Tort Claims Act (FTCA) has not waived sovereign immunity for the defamation torts: libel and slander. 28 U.S.C. § 2680(h). The outrageous conduct claim was similarly dismissed for failure to allege exhaustion of administrative remedies, which, under the FTCA, is jurisdictional. 28 U.S.C. § 2675; *Three-M Enterprises, Inc. v. United States*, 548 F.2d 293 (10th Cir.1977).

Plaintiff seeks to avoid these requirements by arguing that his alleged in-

terference with the investigation by the Inspector General's Office was in no way associated with his job at Social Security. He argues that the conduct of the officials sued in reporting his interference was, therefore, outside their official duties and, therefore, not covered by the FTCA. This claim is erroneous. As an employee of the Department of Health and Human Services, plaintiff had a duty to assist and support the Inspector General and his representatives in carrying out their investigation. 45 C.F.R. § 73.735–302(d). Plaintiff's alleged conduct violated this duty and was therefore a breach of his employment responsibilities. Because defendant Griffin, who was himself an employee of the Department of Health and Human Services, knew that plaintiff was an employee of the Department of Health and Human Services, he had a duty defined by regulation to inform plaintiff's supervisor of plaintiff's possible violation of a rule or regulation of the Department. 45 C.F.R. § 73.-735–1302. Thus plaintiff's conduct in allegedly impeding the investigation was associated with his job, and the action of defendant Griffin in reporting plaintiff's conduct to his supervisor was also job-related. Plaintiff's claim that he is not suing the agency for which he works has no merit. The defamation and outrageous conduct claims were thus properly dismissed.

■ The district court granted defendant's motion to dismiss the first amendment claim, holding that under *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), there is no judicial cause of action for a federal employee seeking to vindicate constitutional free speech rights allegedly violated by his federal employers. In the alternative, the court held that plaintiff's claims are barred by sovereign immunity and failure to exhaust administrative remedies. In addition, the court held that the individual defendant was entitled to qualified immunity for his actions, which would be a bar to plaintiff's suit.

The plaintiff in *Bush* allegedly was demoted for exercising his first amendment right to criticize the agency with which he was employed. The Court reasoned that, although the civil service remedy available to Mr. Bush only redressed the adverse job action and did not fully compensate him for the harm suffered, it could not be supplemented by a judicially created damage action against his supervisors. Unlike Mr. Bush, plaintiff has not alleged that any adverse job action was taken against him. His position is that he was damaged by an attempt to interfere with or chill his exercise of first amendment rights. We assume that the damages he claims would be general damages unrelated to official job action such as demotion.

The civil service remedies are, of course, primarily designed to remedy adverse job actions. There is apparently no provision for any general damages to vindicate deprivation of free speech rights that do not result in adverse job action. As in *Bush v. Lucas*, therefore, the civil service remedies provided by Congress are "less than a complete remedy for the wrong" asserted by plaintiff. *Bush*, 103 S.Ct. at 2408. Thus we proceed from the assumption that in this case there is an aspect of the claimed damages flowing from a violation of first amendment rights of a federal employee by his supervisor that are not within the scope of relief provided by Congress. The question before us, therefore, is whether *Bush v. Lucas* fairly encompasses cases such as this where the damages that are alleged to flow from the official attempts to interfere with first amendment rights do not result in some sort of job action that can be remedied by the elaborate civil service grievance procedures that apply to civil service jobs.

We are persuaded that plaintiff's uncompensated damage is indistinguishable from that involved in *Bush*. The Court indicated in that case that where the claim is a violation of first amendment rights by supervisors of federal employees, the avail-

able comprehensive scheme for redress of grievances flowing from that conduct will be the exclusive remedy and *Bivens*-type actions will not be available in the courts to supplement or supplant that scheme. It is the job-related comprehensiveness of the scheme—not the details of its remedies—that is important in *Bush*. Whatever damages may flow from attempting to interfere with first amendment rights between covered civil service employees and their supervisors, the job protections encompassed within the civil service scheme are held to be sufficient to satisfy the remedy mandates of the first amendment.

The mere fact that no adverse job action occurs in conjunction with whatever other damages may be claimed does not alter the analysis. Plaintiff is in the same position as Mr. Bush was in after his adverse job action was remedied. Any residual damage does not give rise to the application of a court-created *Bivens*-type action. A federal employee who has suffered no adverse personnel action is not, for that reason, entitled to the greater remedy. We have applied a similar analysis in a case involving a claim by a government employee that his supervisors interfered with his fifth amendment right to initiate and prosecute a civil action for damages. There we held that

> [b]ecause plaintiff's claims arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States, we cannot supplement that regulatory scheme with a new, nonstatutory damages remedy.

(footnote omitted) *Shoultz v. Monfort of Colorado, Inc.*, 754 F.2d 318, 325 (10th Cir.1985).

The trial court properly dismissed the first amendment claim as covered by *Bush v. Lucas*. There is no need to reach the court's alternative grounds for dismissing the action.

AFFIRMED.