779 F.2d 52
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RAY J. SEAY, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, ET AL., Defendants-Appellees.
 85-5325
 United States Court of Appeals, Sixth Circuit.
 10/31/85
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: ENGEL, KENNEDY and KRUPANSKY, Circuit Judges.
 
 
 1
 This pro se Tennessee plaintiff appeals from a district court judgment dismissing his suit filed as a Bivens-type action against the United States Postal Service and nine of its employess.
 
 
 2
 Seeking damages, the plaintiff alleged that the defendants have denied him his fifth, thirteenth and fourteenth constitutional rights pursuant to a grand conspiracy at his place of employment by the defendants forcing him to work in excess of ten hours on three days, by their giving him a public and humiliating reprimand, by their causing other confrontations with the plaintiff while he was waiting on the public and by their denying him access to his medical records all of which caused him severe physical and mental distress. Upon consideration of the cause, the district court dismissed the suit on the grounds of frivolity, failure to state a claim and immunity.
 
 
 3
 On appeal, the defendants have moved this Court to dismiss the appeal for lack of jurisdiction. The defendants argue that the notice of appeal was filed more than sixty days after the entry of the district court's judgment, and that the appeal is, therefore, untimely and should be dismissed. The plaintiff has responded to the motion and has also filed an informal brief with the Court.
 
 
 4
 Upon our own review of the cause in light of the arguments raised by the parties, this Court concludes that it does have jurisdiction to entertain the appeal and that the district court properly dismissed the plaintiff's action for the reasons stated by it. The defendants overlook the fact that the plaintiff filed a time-tolling motion to reconsider the district court's judgment. The motion was denied on February 11, 1985 and the plaintiff's notice of appeal was filed within sixty days thereafter. Under these circumstances, this appeal is timely. Rule 4(a)(4), Federal Rules of Appellate Procedure; Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 5
 Under the facts of this case, it is also clear that the plaintiff simply did not have the non-statutory Bivens-type remedy available for him as a means to seek redress of alleged constitutional violations arising from his federal employment. Congress has provided postal service employees with a comprehensive, judicially-reviewable administrative system of remedies for violations of their rights; and, it has also authorized the Postal Service to negotiate collective bargaining agreements containing grievance-arbitration procedures wherein employees may resolve various disputes which arise during the course of their employment. See 39 U.S.C. Secs. 1001-1209. Under these circumstances, it is clear that the plaintiff was precluded from pursuing a Bivens-type suit given the existence of another elaborate system of remedies available to him to pursue his alleged constitutional violations. See Bush v. Lucas, 462 U.S. 367 (1983); Clemente v. United States, 766 F.2d 1358, 1364 (9th Cir. 1985); Philippus v. Griffin, 759 F.2d 806, 808 (10th Cir. 1985); Heaney v. United States Veterans Administration, 756 F.2d 1215, 1220 (5th Cir. 1985); Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 324-25 (10th Cir. 1985); Pinar v. Dole, 747 F.2d 899 (4th Cir. 1984), cert. denied, 105 S.Ct. 2019 (1985); Broussard v. United States Postal Service, 674 F.2d 1103, 1112-13 (5th Cir. 1982).
 
 
 6
 The plaintiff's allegations were also vague and conclusory and, therefore, failed to support a construction of his complaint to allege any other kind of cause of action. Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir. 1981); Davidson v. State of Georgia, 622 F.2d 895, 897 (5th Cir. 1980). The plaintiff was also not deprived of fair notice of the dismissal of his suit as he had been served with the defendants' motion to dismiss and he even filed a response in relation thereto. The plaintiff's pending motions before the district court were also without merit due to plaintiff's failure to state a Bivens-type or other cause of action.
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The defendants' motion to dismiss is, accordingly, denied and the district court's judgment is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.