**Pavit NITTAYANUPAP, and Arkrin Taecharatanaprasert, Defendants–Appellants.**

**Nos. 87–1395, 88–1001.**

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1989.

**Thomas W. HILL, Plaintiff–Appellee,**

v.

**DEPARTMENT OF the AIR FORCE; Paul J. Vallerie, Defendants,**

and

**Paul S. Britt, Defendant–Appellant.**

**No. 88–2775.**

United States Court of Appeals, Tenth Circuit.

July 7, 1989.

Rehearing Denied Oct. 6, 1989.

---

See also, 10th Cir., 884 F.2d 1321.

John R. Bolton, Asst. Atty. Gen., Barbara L. Herwig and Howard S. Scher, Attys., Civ. Div., Dept. of Justice, Washington, D.C., William L. Lutz, U.S. Atty., Albuquerque, N.M., for defendants and defendant-appellant Paul S. Britt.

Thomas W. Hill, pro se.

Before McKAY, ANDERSON, Circuit Judges, and BROWN, District Judge.*

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Defendant Paul S. Britt appeals from two district court orders setting this case for trial and apparently rejecting his claim of qualified immunity. Britt argues that the district court erred in not dismissing this *Bivens* action, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), (1) because Britt is entitled to qualified immunity and (2) because no *Bivens* remedy may be implied to supplement Civil Service Reform Act remedies in feder-

---

* The Honorable Wesley E. Brown, District Judge, United States District Court for the District of Kansas, sitting by designation.

**1320**

al personnel matters. We agree with Britt's second argument and reverse.

Plaintiff Thomas W. Hill, a civilian military employee at Kirtland Air Force Base in New Mexico working in star wars research, commenced this action against his former supervisor, Britt. In the fifth cause of action in his second amended complaint, Hill alleged Britt violated his constitutional right to due process by interfering with his security clearance and future Air Force job possibilities by collecting and disseminating to superiors and other agency officials false information about Hill. Hill also alleged that Britt violated his rights to due process and privacy by eavesdropping on his telephone conversations either personally or by ordering others to do so. Britt filed a motion to dismiss alleging absolute and qualified immunity. The district court dismissed part of the fifth cause of action on absolute immunity grounds. It did not discuss qualified immunity. Britt subsequently moved to supplement his motion to dismiss again raising the qualified immunity issue. Without explanation, the district court denied the motion to supplement. Britt appealed.

■ It is well settled that a court of appeals has jurisdiction to consider an interlocutory appeal involving an issue of qualified immunity. *See Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 644–45 (10th Cir.1988). Britt's interlocutory appeal is properly before this court, because his qualified immunity claim was apparently denied by the district court. On appeal, "[w]e need not confine our review, however, to the viability of the qualified immunity defense." *Carlson v. Conklin,* 813 F.2d 769, 770–71 (6th Cir.1987) (42 U.S.C. § 1983 action could be dismissed for failure to state a claim without reaching the qualified immunity issue); *see also Bolden v. Alston,* 810 F.2d 353, 356 (2d Cir.), *cert. denied,* 484 U.S. 896, 108 S.Ct. 229, 98 L.Ed.2d 188 (1987) (court considered qualified immunity issue and exercised pendent jurisdiction to review other issues). Because we find no *Bivens* remedy under

the circumstances of this case, we need not address the qualified immunity issue.

*Bivens* permits an action for damages against a federal agent who "acting under color of his authority" engages in unconstitutional conduct. 403 U.S. at 389, 91 S.Ct. at 2001. When there are "special factors counselling hesitation in the absence of affirmative action by Congress," *id.* at 396, 91 S.Ct. at 2005, or a congressional statement that money damages could not be recovered due to the availability of another equally effective remedy, *id.* at 397, 91 S.Ct. at 2005, courts should refuse to create damages remedies against federal agents. *Accord Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). The Supreme Court has been cautious in extending *Bivens* into new contexts. *Schweiker v. Chilicky,* — U.S. —, 108 S.Ct. 2460, 2467, 101 L.Ed.2d 370 (1988).

In *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, the Court held that because claims that a superior violated the federal employees' first amendment rights "arise out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies," it was inappropriate to provide a new judicial remedy beyond the regulatory scheme. *Id.* at 368, 103 S.Ct. at 2406. Likewise, in the most recent Supreme Court case on the subject, *Schweiker v. Chilicky,* 108 S.Ct. 2460, the Court declined to provide a damages remedy for Social Security disability claimants who alleged federal officials unconstitutionally terminated their benefits. The Court in *Chilicky* stated that "[w]hen the design of a government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 2468. "The absence of statutory relief for a constitutional violation ... does not by any means necessarily imply that courts should award money damages against the officers responsible for the violation." *Id.* at 2467. The Court indicated that judicial deference must be given to indications that Congress' inaction was not inadvertent. *Id.*

at 2468. Read together, *Chilicky* and *Bush* provide that "courts must withhold their power to fashion damages remedies when Congress has put in place a comprehensive system to administer public rights, has 'not inadvertently' omitted damages remedies for certain claimants, and has not plainly expressed an intention that the courts preserve *Bivens* remedies." *Spagnola v. Mathis*, 859 F.2d 223, 228 (D.C.Cir.1988).

Two federal courts of appeals applied the reasoning of *Chilicky* and *Bush* to situations similar to the one in the case at bar and concluded there was no *Bivens* remedy. *See McIntosh v. Turner*, 861 F.2d 524 (8th Cir.1988); *Spagnola*, 859 F.2d 223. In both cases, the plaintiffs filed *Bivens* actions based on prohibited personnel practices. *See* 5 U.S.C. § 2302. The *Spagnola* court focused on the comprehensiveness of the remedies provided by the Civil Service Reform Act. 859 F.2d at 229; *see also McIntosh*, 861 F.2d at 525–27 (relying exclusively on the reasoning in *Spagnola;* stating *Chilicky* has unfavorable implications for *Bivens* actions in any field in which Congress has acted pervasively). Even if the Civil Service Reform Act remedy were incomplete, but had not inadvertently omitted damages remedies, no *Bivens* remedy would be implied. *Spagnola*, 859 F.2d at 229.

Hill's allegations that Britt violated his due process rights by interfering with his security clearance and his job possibilities are allegations of prohibited personnel practices. *See* 5 U.S.C. § 2302. Accordingly, based on the holdings and reasonings in *Bush, Chilicky, Spagnola,* and *McIntosh*, Hill does not have a *Bivens* action for damages for these allegations.

Although Hill's allegation of violation of his right to privacy by Britt's eavesdropping on his personal telephone conversations is not an allegation of a violation of a listed prohibited personnel practice, there is no *Bivens* remedy. The nature of the particular constitutional injury played little role in the Supreme Court's reasoning in *Bush. Gleason v. Malcom*, 718 F.2d 1044, 1048 (11th Cir.1983) (allegations that Department of the Army supervisors and oth-

er employees violated her first, fourth, and fifth amendment rights by, among other things, listening to her telephone conversations in an open office). Rather, the Court focused on the special factor of federal employment. *Id. Chilicky* indicates that *Bush* even extends to plaintiffs who have no remedy under the Civil Service Reform Act. 108 S.Ct. at 2467. Furthermore, Hill ultimately was fired due to, among other reasons, conversion of telephone services. Hill received full due process, under the comprehensive statutory scheme, after he contested his loss of employment. *Cf. Philippus v. Griffin*, 759 F.2d 806, 808–09 (10th Cir.1985) (*Bush* rationale and holding apply even if no adverse personnel action is taken).

Accordingly, the judgment of the United States District Court for the District of New Mexico in favor of Hill on his *Bivens* claim is REVERSED, and the cause is REMANDED to the district court with instruction to dismiss count five of the second amended complaint with prejudice. Hill's motion to supplement the record on appeal and for sanctions are DENIED. We have received and considered Hill's supplemental authority.

The mandate shall issue forthwith.