68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas W. HILL, Plaintiff-Appellant,
v.
UNITED STATES AIR FORCE, Paul S. Britt, Paul J. Vallerie,
Defendants-Appellees.
 No. 95-2017.
(D.C.No. CIV-85-1485-JB)
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the district court's dismissal of his age discrimination, 29 U.S.C. 631, 633a, and Privacy Act, 5 U.S.C. 552a, claims brought against defendant United States Air Force and his constitutional claims brought against the individual defendants. The parties are familiar with the lengthy and complex factual and procedural history of this case, commenced in 1985. Therefore, we proceed directly to the issues on appeal.
 
 
 3
 Plaintiff first argues that the district court erred in refusing to provide him with a de novo trial of his age discrimination claim. The district court dismissed the age discrimination claim for lack of subject matter jurisdiction based on the jurisdictional determination of the Federal Circuit that because plaintiff did not raise a prima facie case of age discrimination within his Merit Systems Protection Board appeal, jurisdiction was properly before the Federal Circuit, see Hill v. Department of Air Force, 796 F.2d 1469, 1471 (Fed.Cir.1986). Reviewing the district court's dismissal of the age discrimination claim de novo, see Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir.1992)(subject matter jurisdiction), we affirm for substantially the reasons stated by the district court.
 
 
 4
 Plaintiff next argues that he is entitled to a trial of his Privacy Act damages claim[2] and that he should have been permitted to supplement his complaint to include details concerning the extent of the adverse agency actions regarding his security clearance. We agree with the district court's determination that the Privacy Act did not provide the court with jurisdiction to review the alleged prohibited personnel practices, 5 U.S.C. 2302, because the Civil Service Reform Act of 1978, Pub.L. 95-454, 92 Stat. 1111 (codified in various sections of 5 U.S.C.), provides an exclusive remedial scheme. See also Henderson v. Social Sec. Admin., 908 F.2d 559, 560 (10th Cir.1990). We also affirm the dismissal of this claim and conclude the district court did not err in failing to permit amendment of the complaint.
 
 
 5
 Plaintiff's final argument is that he is entitled to "some relief" under the constitutional claims against the individual defendants. Plaintiff concedes that this court already has decided his claim against defendant Britt. See Hill v. Department of Air Force, 884 F.2d 1318 (10th Cir.1989), cert. denied, 495 U.S. 947 (1990). Thus, the law of the case doctrine applies to preclude further consideration of that claim. See Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir.1995). We agree with the district court's dismissal of the claim against defendant Vallerie as precluded by a comprehensive statutory scheme. We affirm that claim for substantially the reasons set forth by the district court, as well as for the reasons set forth in Hill, 884 F.2d 1318.
 
 
 6
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. Plaintiff's petition for a writ seeking an order directing the district court to hold a trial on the age discrimination claim is DENIED. See Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989)(petitioner must prove he lacks alternatives to obtain relief); see also Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir1994)(mandamus is not substitute for appeal). Plaintiff's motion for leave to file a replacement reply brief is GRANTED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff does not appeal the district court's dismissal of the portion of the Privacy Act claim seeking amendment of his employment records