**UNITED STATES COURT OF APPEALS**
**Filed 11/15/95**
**TENTH CIRCUIT**

PRISCILLA MCENTIRE,

      Plaintiff - Appellant,

  v.

ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS; L. RALPH
MECHAM, both as Director, and as an
individual; UNITED STATES
BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA;
JUDGE PAUL B. LINDSEY, both as a judge
and as an individual; JUDGE RICHARD L.
BOHANON; both as a judge and as an
individual; JUDGE JOHN TESELLE, both as
a judge and as an individual; GRANT E.
PRICE, both as the Clerk and as an
individual; and MARY JO OBEE, both as
Chief Deputy and as an individual,

      Defendants - Appellees.

No. 95-6044
(D.C. No. CIV-94-1274-A)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

After being terminated from her job as one of the clerical personnel in the bankruptcy court clerk's office for the Western District of Oklahoma, Priscilla McEntire brought this action against the defendants alleging discrimination based on age, gender, and race, in violation of both statutory and constitutional rights, deprivation of a constitutionally protected property interest, gross negligence, and violation of Oklahoma State law. The district court dismissed, pursuant to Fed. R. Civ. P. §§ 12(b)(1) and (6).

We have carefully reviewed the file, focusing on the allegations of the complaint as our standards of review require, and conclude that the district court did not err. In reaching that conclusion, we substantially adopt the reasons set forth in the orders of the district court filed on December 22, 1994, and January 19, 1995.

Despite repeated explanations, Ms. McEntire persists in her misunderstanding of the nature of the statutory creation, functions, and powers of the Administrative Office of the United States Courts, 28 U.S.C. §§ 601-608, and the relationship of the various statutes relied upon by her with respect to that entity and its employees.

Ms. McEntire was not an employee of the Administrative Office of the Courts. Bankruptcy court clerical personnel, including Ms. McEntire, are hired and terminated by the court clerk, with judicial approval. 28 U.S.C. § 156(b); see also id. § 609. Such personnel are categorized as "excepted service" employees not covered by Title VII or the other statutes

referred to in the complaint. Ms. McEntire concedes in her complaint, R. Tab 1, ¶ 3, page 2, that she "was in the excepted service."

As the district court made clear, both sovereign immunity and failure to state a claim under any relevant statute required dismissal of Ms. McEntire's complaint with respect to every allegation except the claim of a violation of Ms. McEntire's constitutional rights.

We do not need to address the issue of whether or not a <u>Bivens</u>[1] claim can be brought against a bankruptcy court clerk (the named deputy clerk had no statutory power to act) or the judges acting in capacities described in the complaint. Even if one existed--an unlikely proposition[2]--the complaint does not state a cause of action under the Constitution.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

[2] In addition to cautioning against expanding the reach of "<u>Bivens</u>" actions, the Supreme Court has made it clear that no such action may be brought by an employee of the federal government where adequate alternative safeguards have been provided. <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988); <u>Bush v. Lucas</u>, 462 U.S. 367 (1983); <u>see also</u> <u>Petrini v. Howard</u>, 918 F.2d 1482, 1484 (10th Cir. 1990) (citing <u>Lombardi v. Small Business Admin.</u>, 889 F.2d 959 (10th Cir. 1989); <u>Brothers v. Custis</u>, 886 F.2d 1282 (10th Cir. 1989); <u>Hill v. Dep't of the Air Force</u>, 884 F.2d 1318 (10th Cir. 1989), <u>cert. denied sub nom.</u>, <u>Hill v. Britt</u>, 495 U.S. 947 (1990)). In this case, Ms. McEntire acknowledges that administrative procedures were in place for her to contest her termination. Although the adequacy of the safeguards in this case is not before us, such safeguards need not include damages or other remedies which may be available under various statutes in order to be adequate. <u>Schweiker</u>, 487 U.S. at 424-29.