Joanne K. PETRINI, Plaintiff–Appellee,

v.

Dorothy M. HOWARD; Edward T.
Doler, Defendants–Appellants,

and

United States of America, Department
of the Interior, Bureau of Indian
Affairs, Defendant.

No. 88–2404.

United States Court of Appeals,
Tenth Circuit.

Nov. 15, 1990.

Submitted on the briefs: *

Eileen Paez, Albuquerque, N.M., for plaintiff-appellee.

Stuart M. Gerson, Asst. Atty. Gen., William L. Lutz, U.S. Atty., Albuquerque, N.M., Barbara L. Herwig and John S. Koppel, Attys., Appellate Staff, Dept. of Justice, Washington, D.C., for defendants-appellants.

Before McKAY, McWILLIAMS and EBEL, Circuit Judges.

PER CURIAM.

During the period from August, 1983, to June, 1987, Joanne Kathleen Petrini (plaintiff) was employed by the Bureau of Indian Affairs (BIA) as a special education teacher at the San Felipe Elementary School (San Felipe) located in New Mexico. Plaintiff's employment contract was not renewed in 1987 allegedly in retaliation for her expressing concerns about the conditions and practices at San Felipe. Subsequently, plaintiff brought this action seeking damages from, among others, Dorothy M. Howard, an assistant principal at San Felipe, and Edward T. Doler, the principal at San Felipe, (together, defendants). Plaintiff asserted a *Bivens*[1] claim for alleged interference with rights under the first amendment and state law tort and contract claims, apparently based on New Mexico law.[2]

■ Defendants have appealed from an order of the district court denying their motion for summary judgment on the ground that plaintiff's *Bivens* claim is barred by the doctrine of qualified immunity, and plaintiff's state law tort claims are barred by the doctrine of absolute immunity.[3] On appeal, defendants have not confined their arguments to the viability of their qualified and absolute immunity defenses. Instead, defendants have argued for the first time that the remedial scheme of the Civil Service Reform Act of 1978, Pub.L. No. 98–454, 92 Stat. 1111 (1978) (codified in various sections of 5 U.S.C.) (CSRA) prevents plaintiff from asserting her constitutional claim and her state law tort claims. We agree that the remedies available to plaintiff are constrained by the CSRA and, for the reasons set forth below, we reverse the district court's determination.[4]

*Bivens Claim*

■ In *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Supreme Court, for the first time, refused to recognize a *Bivens* remedy for unconstitutional activities in federal personnel decisions. Holding that the plaintiff was limited to the remedial scheme of the CRSA, the Court explained:

> Federal civil servants are now protected by an elaborate comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors and procedures—administrative and judicial—by which improper action may be redressed. They apply to a multitude of personnel decisions that are made daily by federal agencies. Consti-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

1. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. The complaint was not made part of the record. We have supplemented the record with the complaint pursuant to 10th Cir.R. 11.1.1.

3. Ordinarily, a denial of summary judgment is not appealable. However, the denial of substantial claims of qualified immunity and absolute immunity are appealable as of right under

*Mitchell v. Forsyth*, 472 U.S. 511, 525–30, 105 S.Ct. 2806, 2814–15, 86 L.Ed.2d 411 (1985), and *Nixon v. Fitzgerald*, 457 U.S. 731, 742–43, 102 S.Ct. 2690, 2697–98, 73 L.Ed.2d 349 (1982).

4. A federal appellate court, as a general rule, will not reverse a judgment on the basis of issues not presented below. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 (10th Cir.1983). This rule, however, is not absolute. A federal appellate court is justified in reversing a judgment on the basis of issues not raised below when, as here, the issues involved are questions of law, the proper resolution of which are beyond reasonable doubt, and the failure to address the issues would result in a miscarriage of justice. *Stahmann Farms, Inc. v. United States*, 624 F.2d 958, 961 (10th Cir.1980).

tutional challenges to agency action ... are fully cognizable within this system. *Id.* 462 U.S. at 385–86, 103 S.Ct. at 2414–15.

The Court recently reiterated its cautious approach to extending *Bivens* remedies into new contexts in *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). There the Court declined to provide a *Bivens* remedy for social security claimants challenging the termination of their benefits. The Court stated that "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies." *Id.* at 423, 108 S.Ct. at 2467.

This court has recently applied *Bush* and *Chilicky* to claimants situated similarly to plaintiff and declined to create *Bivens* remedies in light of the CSRA. *Lombardi v. Small Business Admin.,* 889 F.2d 959 (10th Cir.1989); *Brothers v. Custis,* 886 F.2d 1282 (10th Cir.1989); *Hill v. Department of Air Force,* 884 F.2d 1318 (10th Cir.1989), *cert. denied,* — U.S. ——, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). Plaintiff attempts to escape the rationale of *Bush* and *Chilicky* by arguing that she did not have access to the CSRA framework and, even if she did, her *Bivens* claim does not challenge conduct amounting to a "prohibited personnel practice" within the meaning of the CSRA, *see* 5 U.S.C. § 2302 (1982). However, plaintiff, as a BIA educator, could have availed herself of the procedures and remedies of the CSRA by petitioning the Office of the Special Counsel and alleging a prohibited employment practice. *See* 5 U.S.C. § 1206(a)(1) (1982); *see also Brothers,* 886 F.2d at 1284 (recourse to the Office of the Special Counsel is sufficient access to CSRA for purposes of *Bush* and *Chilicky* ). Furthermore, the alleged conduct underlying plaintiff's *Bivens* claim, retaliation for the exercise of first amendment rights, is plainly cognizable as a prohibited employment practice. *Spagnola v. Mathis,* 859 F.2d 223, 225 n. 3 (D.C.Cir.1988) (discussing 5 U.S.C. § 2302(b)(11) (1982)). Therefore, since the CSRA accommodates plaintiff's constitutional challenge, creation of a *Bivens* remedy for her is unwarranted. *See, e.g., Hill,* 884 F.2d at 1321.

### State Law Tort Claims

■ As we understand plaintiff's complaint, her state law tort claims are premised on a number of alleged activities which preceded the nonrenewal of her contract by the BIA. Specifically, plaintiff alleged that defendants made false statements to others regarding an unspecified disease she contracted from a student during the 1985–86 school year. Plaintiff also alleged that defendants harassed her over minor incidents occurring in the classroom and gave her unfavorable employment evaluations. These actions, according to plaintiff, constituted defamation and intentional infliction of emotional distress. Plaintiff further alleged that defendants tortiously interfered with her prospective employment relationship with the BIA.

This court has never addressed the effect of the CSRA on challenges to federal personnel actions brought under state law. In *Bush* and *Chilicky,* the refusal to create *Bivens* remedies in certain contexts was premised on the discretionary exercise of judicial restraint. This court, obviously, does not have discretion to deny application of the state common law asserted by plaintiff. In arguing that the CSRA nevertheless prevents plaintiff from asserting her tort claims, defendants have relied principally on *Berrios v. Department of Army,* 884 F.2d 28, 31 (1st Cir.1989), and *Broughton v. Courtney,* 861 F.2d 639, 644 (11th Cir.1988), where the courts held that state law challenges to federal personnel actions within the scope of the CSRA are "preempted" by the CSRA.

We agree with the analysis of *Berrios* and *Broughton.* Federal law may supersede state law in several different ways. First, Congress may preempt state law, or, second, the federal scheme may be sufficiently comprehensive to make reasonable the presumption that Congress intended to leave no room for state law or, third, state law may conflict with federal law. *California Fed. Sav. & Loan Ass'n v. Guerra,*

479 U.S. 272, 280–81, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987) (discussing the preemptive effect of Title VII on state law). It is beyond dispute that the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions. Thus, adjudication of state law claims within the scope of the CSRA would "create an obstacle to the attainment of Congress's goal of unifying challenges to federal personnel decisions in a single administrative forum." *Broughton*, 861 F.2d at 641.

On appeal plaintiff argues, as she did in support of her *Bivens* claim, that the activities upon which she premised her state law tort claims are not prohibited by the CSRA. In our view, plaintiff's allegations that defendants harassed her over minor incidents occurring in the classroom, gave her unfavorable employment evaluations, and interfered with her prospective employment relationship with the BIA clearly describe matters covered by the CSRA. *See* 5 U.S.C. § 2302(b)(11) (1982) (supervisor may not take any action violating any of the merit system principles of section 2301), 2302(b)(4) (1982) (employees should not be deceived or willfully obstructed with respect to competing for employment), and 2302(b)(10) (1982) (employees should not be discriminated against for conduct which does not adversely affect an employee's performance). Therefore, plaintiff's tort claims based on these activities are preempted by the CSRA. We emphasize that we do not decide that the CSRA preempts all state law tort actions by federal employees. We only hold that when such actions complain of activities prohibited by the CSRA they are preempted by the CSRA.

The only state law tort claims asserted by plaintiff that are arguably outside the scope of the CSRA are the defamation and intentional infliction of emotional distress claims based on the alleged publication of false statements regarding a disease she contracted from a student. However, while this appeal was pending, Congress enacted the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat.

4563 (1988) (the Reform Act). This new law, which is retroactive, codifies the doctrine of absolute immunity and forces persons injured by common law torts committed by federal employees within the scope of their employment to seek redress against the United States under the Federal Tort Claims Act (FTCA). Although neither party has addressed this legislation, it apparently would apply to this case. Therefore, we hold that plaintiff's defamation and intentional infliction of emotional distress claims based on the alleged publication of false statements should be remanded to allow the district court to determine, in accordance with the procedures under the Reform Act, whether these claims can be maintained as claims against the United States under the FTCA.

Accordingly, the judgment of the United States District Court for the District of New Mexico denying defendants' motion for summary judgment on plaintiff's *Bivens* claim and plaintiff's state law tort claims is REVERSED. The cause is REMANDED with directions to conduct further proceedings under the Reform Act with respect to plaintiff's defamation and intentional infliction of emotional distress claims based on the alleged publication of false statements.