986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Herbert ROUSEY, Plaintiff-Appellant,
v.
PRUCARE OF OKLAHOMA, Defendant-Appellee.
 No. 92-6236.
 United States Court of Appeals, Tenth Circuit.
 Feb. 8, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 This case is an appeal from the grant of summary judgment by the district court in favor of defendant-appellee PruCare of Oklahoma on plaintiff-appellant Herbert Rousey's claims of breach of contract, bad faith breach of contract, and intentional infliction of emotional distress. Defendant is a health maintenance organization, of which plaintiff was a member. In his complaint, plaintiff alleged that, after he had sustained serious injuries in a motorcycle accident, defendant demanded that he be transferred from Norman Regional Hospital in Norman, Oklahoma, (Norman) to Baptist Medical Center in Oklahoma City (Baptist) for treatment there by a defendant-authorized physician; that defendant generally breached a duty to provide him with emergency medical care; and that defendant refused to pay certain medical expenses. In response to defendant's motion for summary judgment, plaintiff asserted a new theory of recovery based on his treatment after he arrived at Baptist.
 
 
 2
 In granting summary judgment for defendant, the district court held that plaintiff had failed to produce any evidence of defendant's participation in the decision to send plaintiff to Baptist. Rousey v. PruCare of Okla., No. CIV-91-1379-C, Memorandum Opinion and Order at 6 (W.D.Okla. May 20, 1992) (Appellant's App., doc. 3 at 6) (Order). Further, the district court found no evidence that defendant breached any duty to plaintiff, if indeed any such duty existed. Id. With regard to the unpaid medical bills, the court found that plaintiff had failed to overcome defendant's summary judgment evidence showing that no proof of loss or claim had ever been submitted to defendant as required by plaintiff's membership agreement. Id. at 9. Plaintiff's new theory of liability based on delays encountered at Baptist was rejected as improperly pleaded and unsupported by the evidence. Id. Finding no genuine issue of material fact requiring a trial, and that defendant was entitled to judgment as a matter of law, the district court entered judgment for defendant. After reviewing the record, we agree with the district court and affirm.
 
 
 3
 As we understand plaintiff's brief, he argues on appeal that a genuine issue of fact exists regarding the payment of his medical bills; that it was error for the district court to grant summary judgment in view of his evidence of bad faith breach of contract based on the denial of medical treatment; that there was evidence defendant practices medicine and owed a duty to plaintiff to provide prompt emergency medical care; and that certain testimony, held to be hearsay by the district court, is nonetheless admissible.
 
 
 4
 We review the grant of summary judgment by the district court de novo, applying the same legal standard to the evidence in the record as did the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). In so doing, we determine "whether 'the pleadings ... and admissions, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " Mosier v. Maynard, 937 F.2d 1521, 1524 (10th Cir.1991) (quoting Fed.R.Civ.P. 56(c)). Although the facts and inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, "there are cases where the evidence is so weak that the case does not raise a genuine issue of fact." Burnette v. Dow Chem. Co., 849 F.2d 1269, 1273 (10th Cir.1988). The question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The existence of a "mere scintilla" of evidence will be insufficient to resist a motion for summary judgment; "there must be evidence on which the jury could reasonably find for the [nonmoving party]." Id. at 252.
 
 
 5
 Plaintiff first argues that there is an issue of fact regarding the payment of certain medical bills. With regard to those expenses, incurred by plaintiff for ambulance service and for the care he received at Norman, plaintiff's member handbook states:
 
 
 6
 Occasionally you may have to pay for services when they are provided (for example, emergency services performed by non-approved providers). If this occurs, you should obtain an itemized bill or receipt for the charges and send it to PruCare as soon as possible.
 
 
 7
 I Appellee's Supp.App., doc. 16 at 176. PruCare's Oklahoma City address is then listed. It is undisputed that plaintiff himself did not submit any such bill or receipt. Id., doc. 6 at 46. Plaintiff argues, however, that he made an oral claim for benefits, and that this is sufficient under Oklahoma law.[1]
 
 
 8
 In answer to this claim, defendant presented evidence in the form of affidavits from two managers in PruCare's Oklahoma City office stating that defendant had never received a claim for the disputed expenses. Id., doc. 6 at 37; doc. 16 at 139.[2] Plaintiff's evidence regarding his oral notice to defendant consists of statements in his deposition which the district court characterized as "confusing." Order at 9. After careful review of all plaintiff's deposition testimony contained in the record, we agree with the district court that his evidence fails to overcome defendant's affidavit evidence and fails to raise a genuine issue of material fact. Plaintiff's testimony regarding calls to PruCare in November never clarifies whether plaintiff was calling about his own bills incurred at Norman or whether he was inquiring about charges incurred later when his son broke an arm and required medical treatment. Although plaintiff testified that he called specifically about the alleged refusal to provide treatment at Norman, Appellant's App., doc. 9 at 83, he later admitted that the call he was referring to really involved his son's treatment. Id. at 86. Viewing the evidence in the light most favorable to plaintiff, the most that can be gleaned from his testimony regarding oral notice to PruCare is that plaintiff attempted to call regarding the charges incurred by him at Norman, but that after being put on hold, he became frustrated and hung up. Id. at 82-84.[3] The district court was correct in concluding that this evidence failed to raise a genuine issue of material fact. This is neither the quality nor the quantity of evidence upon which a jury could reasonably find for plaintiff. See Anderson, 477 U.S. at 252.
 
 
 9
 Plaintiff attempts to avoid this conclusion by citing Fox v. National Sav. Ins. Co., 424 P.2d 19 (Okla.1967), for the proposition that oral notice is sufficient under these circumstances. Without deciding whether Fox would even apply to cases involving a dispute between an insurer and its own insured, we note that Fox is not contrary to the district court's handling of this case. Fox merely requires the district court to consider evidence of oral notice before rendering judgment. Id. at 25. The district court's Memorandum Opinion and Order reflects thorough and thoughtful consideration of the oral notice issue. See Order at 9-10. The court's conclusion that plaintiff's evidence of oral notice is insufficient to present a genuine issue of material fact is not contrary to Fox.[4]
 
 
 10
 The second major focus of plaintiff's lawsuit surrounds events that occurred after he was brought from the scene of the accident to the emergency room at Norman. Plaintiff's complaint alleges that, despite the emergency nature of his injuries, defendant refused to permit him to be treated at Norman and insisted that he be transferred to Baptist, thus delaying necessary treatment and causing him additional injury. Appellant's App., doc. 1 at 2. The only evidence plaintiff offers for this claim is his deposition testimony and that of his wife in which they testify that the emergency room physician at Norman, Dr. Harold Haralson, made a call to PruCare, which they could not overhear, and then informed plaintiff that PruCare would not authorize treatment at Norman and that he would have to be transferred. I Appellee's Supp.App., doc. 6 at 50, 59.
 
 
 11
 The district court properly held that this testimony was inadmissible hearsay.[5] That conclusion, however, was tangential to the court's ultimate determination that the evidence showed conclusively that it was the decision of the Norman doctors to send plaintiff to Baptist, and that defendant had not even been contacted when that decision was made. Order at 6. Because there was no evidence that defendant had any role in plaintiff's transfer, there was no evidence that defendant breached any duty to plaintiff, if such duty even existed. We agree with this conclusion of the district court.
 
 
 12
 The court's holding is based on the testimony of Dr. Haralson, the doctor who allegedly told plaintiff that PruCare had insisted on his transfer. Dr. Haralson testified in deposition that it was a Norman orthopedic surgeon, Dr. Waltner, who requested that plaintiff be transferred to Baptist. I Appellee's Supp.App., doc. 15 at 104. There was no evidence in the record that Dr. Waltner was an employee or agent of defendant. It was only after Dr. Waltner had requested that plaintiff be sent to Baptist that PruCare was contacted. Id. at 106.
 
 Dr. Haralson testified as follows:
 
 13
 Q. During the course of that conversation [with a PruCare representative], even though you may not have asked for permission to treat Mr. Rousey, did that individual ever tell you that you could not treat Mr. Rousey or that you could not give Mr. Rousey any treatment?
 
 
 14
 A. Not that I recall.
 
 
 15
 Q. Did that individual make any demand of you that Mr. Rousey be transferred from Norman Regional to Baptist Medical Center?
 
 
 16
 A. Not that I recall.
 
 
 17
 Q. Was the purpose of your call simply to request permission to transfer Mr. Rousey from Norman Regional to Baptist Medical Center because the Norman orthopedist, Dr. Waltner, had requested you do this?
 
 
 18
 A. Yes, sir, as I recall, that's the case.
 
 
 19
 Id. at 110.
 
 
 20
 The district court was correct in its conclusion that no issue of fact existed regarding defendant's responsibility for plaintiff's transfer to Baptist; summary judgment, therefore, was warranted. Given this evidence, any claim by plaintiff that defendant somehow breached a duty to him, including some duty to investigate his need for treatment as alluded to by plaintiff, cannot stand.[6]
 
 
 21
 Plaintiff consistently has attempted to argue issues on appeal that were not argued to the district court. Some of those claims have been identified above. Also included in that category are plaintiff's claim that Dr. Haralson was part of a "conspiracy of silence," see Appellant's Brief at 18, and complaints about defendant's treatment of claims resulting from his son's broken arm. See id. at 14-15. Issues raised for the first time on appeal ordinarily are not the basis for a reversal of the district court. Petrini v. Howard, 918 F.2d 1482, 1483 n. 4 (10th Cir.1990).
 
 
 22
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff on appeal has apparently dropped his claim, made to the district court, that the providers themselves had filed claims with PruCare
 
 
 [2]
 Plaintiff alludes to a duty on the part of defendant to inform plaintiff that his claim needed to be submitted in writing. Appellant's Brief at 14. Plaintiff, however, had a copy of PruCare's Member Handbook which specified that such charges be submitted to PruCare in the form of an itemized bill or receipt. Further direction from defendant was not required
 
 
 [3]
 Plaintiff disingenuously attempts to confuse the facts in this case by arguing that the district court's statement to the effect that defendant denied receiving such a telephone call identifies the existence of a question of fact for the jury. Appellant's Brief at 12. Plaintiff cannot help but know that the phone call referred to by the district court is the alleged call to PruCare from the emergency room doctor on the date of the injury and not any later call by plaintiff to PruCare. Order at 4
 
 
 [4]
 Plaintiff argues for the first time on appeal that defendant's answer is inconsistent with its contention that it did not receive claims for plaintiff's expenses. Defendant's answer states: "Defendant further admits that it has declined payment of the requested medical treatment at Norman Regional Hospital...." I Appellee's Supp.App., doc. 3 at 17. Defendant also admitted declining payment of the ambulance charges. Id
 Even if this point had been properly argued to the district court, our conclusion regarding plaintiff's evidence of his oral notice would not change. We agree with defendant that its answer is not necessarily inconsistent with its contention that notice of plaintiff's claims was never received. Defendant could well have declined to pay because it had not received proof of loss. It did not admit that it "denied" or "refused" payment, which may have implied that it had received a claim, evaluated it, and decided not to pay.
 
 
 [5]
 The notation made by a treating physician at Baptist in plaintiff's medical records stating that plaintiff had been transferred at the insistence of defendant was also inadmissable hearsay. That doctor later testified that his only sources for this information were the plaintiff and other doctors with whom he had consulted. I Appellee's Supp.App., doc. 15 at 119
 
 
 [6]
 Plaintiff attempts to implicate defendant by arguing that the Central Oklahoma Medical Group, which supplied some of the doctors involved with plaintiff's treatment and which had contracted with defendant to provide medical services to defendant's clients, was in fact an agent of defendant. There is no evidence to support this claim and it is part of plaintiff's belated attempt to assert claims based on treatment at Baptist, raised for the first time in his response to defendant's motion for summary judgment. The district court was correct in finding those claims to be both untimely and unsupported
 Plaintiff's related claim, that defendant had a duty to provide him with medical care because it is in the practice of medicine, while argued below, is similarly flawed. Defendant, as a health maintenance organization, is barred by statute from practicing medicine under Okla.Stat. tit. 63, § 2505, and the district court was correct to so hold.