**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

REGINA F. PENNINGTON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5052
(D.C. No. 97-C-59-J)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Regina F. Pennington appeals the district court's affirmance of the Commissioner's decision denying her application for disability insurance benefits. Because we find that the decision of the administrative law judge (ALJ) is supported by substantial evidence and that the law was properly applied, we affirm.

Claimant's first application for social security benefits was denied on July 2, 1993; her insured status expired on December 31, 1994. In order to establish her entitlement to benefits, therefore, claimant must prove that she became disabled on or before December 31, 1994.

Contrary to claimant's allegation that she has disabling back, hip, and neck pain, as well as leg weakness, the ALJ found at step four that claimant retained the residual functional capacity to return to her previous relevant work as a housekeeper. Claimant argues that, in arriving at this conclusion, the ALJ failed to consider factors relevant to her pain allegations and failed to articulate reasons for rejecting her testimony. We disagree with this assessment.

In a thoughtful and thorough opinion, the ALJ pointed to several specific reasons for discounting claimant's credibility. In addition to citing medical evidence which revealed fairly normal objective findings, the ALJ also noted "claimant's own description of her activities and life style, the degree of medical treatment required, discrepancies between the claimant's assertions and

information contained in the documentary reports, the reports of the treating and examining practitioners, and the medical history." Appellant's App. Vol. II at 20. The ALJ then provided the appropriate details to support each of his stated reasons for disbelieving claimant. All of those statements find substantial support in the record.

Claimant argues that her work as a housekeeper was not past relevant work because there is no evidence in the record that she performed that job within the past fifteen years as required under agency regulations. See 20 C.F.R. § 404.1565(a); see also Jozefowicz v. Heckler, 811 F.2d 1352, 1355-56 (10th Cir. 1987). [1] Unfortunately for claimant, however, the attorney representing her in the district court did not raise this issue. As with other cases, we will not review an issue in a social security case presented for the first time on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). Claimant's present counsel urges us to make an exception to this waiver rule, citing Petrini v. Howard, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990). That exception, however, is reserved for cases in

---

[1]     Claimant testified at the hearing before the ALJ that she had worked as a motel housekeeper beginning in 1979 for about eighteen months, ending sometime during 1980. See Appellant's App. Vol. II at 92-93. Claimant's counsel points out that "Appellant's earnings record does not establish that she worked for the [motel] from 1980 to the present." Appellant's Br. at 38. He further opines that "[i]t is extremely likely that the Appellant did not work as a motel housekeeper with 15 years prior to her date last insured, December 31, 1994." Id.

which the otherwise waived issue is (1) a question of law (2) whose resolution is beyond reasonable doubt and (3) where the failure to address the issue would result in a miscarriage of justice. See id. The question of whether claimant worked as a housekeeper during the relevant fifteen-year period is clearly not a question of law whose resolution is beyond doubt. We decline to reach the issue on appeal.

Finally, claimant argues that the ALJ failed to adequately discuss the findings of disability from her treating physicians. This argument also lacks merit. Claimant's primary treating physician, Dr. Anthony Billings, indicated in a residual functional capacity (RFC) questionnaire that claimant could not work. See Appellant's App. Vol. II at 506. The time-frame covered by that RFC, however, was from January 1992 to April 1995. As noted by the ALJ, this same doctor indicated to the City of Tulsa on August 31, 1994, that claimant could no longer work as a custodian for the City but that he considered her a candidate for vocational retraining. See id. at 439. Dr. Billings' statements to the City that claimant should be "rated out as permanently disabled," see id. at 441, therefore, obviously do not mean that claimant is disabled in the social security sense of being unable to engage in *any* substantial gainful activity. Moreover, there is no evidence that claimant's condition deteriorated so severely between August 31, 1994 and December 31, 1994 that she became unable to work.

Contrary to claimant's argument, the ALJ did not improperly disregard Dr. Billings' opinion regarding claimant's condition. Indeed, the ALJ noted that, while Dr. Billings stated that claimant could not return to her former work as a custodian, he also recommended vocational retraining. See id. at 21. This analysis adequately explored Dr. Billings' estimation of claimant's condition.

The opinions of Dr. Vashra Sikka that claimant was totally temporarily disabled were made well after the expiration of claimant's insured status. See id. at 511, 514. Indeed, as late as June and July of 1995, Dr. Sikka was recommending that claimant be afforded vocational retraining. See id. at 516, 518.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge