**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NORMAN and GAIL LATHAM,
husband and wife,

       Plaintiffs-Appellees,

v.

FIRST MARINE INSURANCE
COMPANY, a corporation,

       Defendant-Appellant.

No. 00-5222
(D.C. No. 99-CV-1029-H)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is an appeal from a ruling by the district court awarding attorneys' fees. We exercise jurisdiction under 28 U.S.C. § 1291.

## I. Factual Background

Plaintiffs Gail and Norman Latham own a large motor-boat, which they moor at a marina on Grand Lake in Oklahoma. In 1998 the boat was damaged in an accident; the Lathams filed a claim with their insurer, First Marine Insurance Company.

Dissatisfied with the offer to settle their claim, the Lathams sued First Marine in Oklahoma state court, alleging breach of contract. An amended complaint added a tort claim–bad faith–and named an additional defendant, First Marine Financial Services, Inc., or FMFS. FMFS is a holding company that owns 100% of First Marine's issued and outstanding stock. After the Lathams filed their amended complaint, First Marine, invoking the district court's diversity jurisdiction, removed the action to federal court.

The parties engaged in a protracted and contentious discovery process. The defendants resisted discovery requests directed at establishing both the bad faith claim and the necessary factual basis for including FMFS in the lawsuit. The Lathams filed a motion to compel, which was briefed and then heard by the magistrate judge. The magistrate judge's decision was for the most part favorable to the Lathams. First Marine filed an objection with the district court,

-2-

accompanied by a lengthy brief. While its appeal was pending, First Marine extended to the Lathams an offer to allow judgment pursuant to Fed. R. Civ. P. 68. The offer of judgment totaled $50,005. The Lathams accepted. They later stipulated to the dismissal of FMFS from the lawsuit. The record indicates that in addition to the motion to compel, also pending before the district court at the time the Lathams accepted the offer of judgment were summary judgment motions filed by both First Marine and FMFS.

The offer of judgment did not include attorneys' fees. But in documents submitted to the court, First Marine acknowledged that the Lathams were entitled to reasonable attorneys' fees under a state statute, Okla. Stat. tit. 36, § 3629(B), which awards fees to the prevailing party in any action between an insurance company and an insured.

## II. Attorneys' Fee Hearing

The Lathams filed an initial fee petition with the district court, seeking more than $46,000 in attorneys' fees. The petition was deficient in that it omitted the lawyers' hourly rates. The Lathams submitted an amended petition, which contained the proper billing rates. The district court held a hearing, at which it heard argument from the parties but did not receive evidence.

Following the hearing, the court reduced the fee petition in two respects. It agreed with First Marine's contention that the $185 per hour charged by the

Lathams' lead lawyer was excessive, and reduced the rate to $150 per hour. The court also slashed 25% from the compensable attorney time devoted to prosecuting the bad faith claim and adding a second defendant, FMFS, to the lawsuit. In total, the court awarded attorneys' fees to the Lathams in the amount of $37,235, plus prejudgment and postjudgment interest. First Marine appeals from that ruling.

### III. Standard of Review

Our role in reviewing the district court's fee award is quite limited. "We customarily defer to the District Court's judgment because an appellate court is not well suited to assess the course of litigation and the quality of counsel." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1200-01 (10th Cir. 1986) (quotation omitted). We did not see "the attorneys' work first hand," and thus are not as well situated as the district court, which "has far better means of knowing what is just and reasonable than an appellate court." *Id.* at 1201 (quotation omitted). "Accordingly, an attorneys' fee award by the district court will be upset on appeal only if it represents an abuse of discretion." *Id.*

Under the abuse of discretion standard, our task is not to independently assess the merits of each attorney's performance and fine-tune individual fee awards. Instead, our job is to determine whether the district court "made a clear

error of judgment or exceeded the bounds of permissible choice in the circumstances." *Cummins v. Campbell*, 44 F.3d 847, 854 (10th Cir. 1994).

## IV. Legal Analysis

First Marine points to what it says are six errors in the district court's ruling.

### A. Compensation for the Bad Faith Claim

First Marine claims initially that the fee awarded to the Lathams is unreasonable because it includes compensation for the bad faith claim. First Marine does not contend the text of the underlying offer of judgment supports its position. Indeed, the offer of judgment neither limits nor excludes the claims on which judgment is confessed. Perhaps recognizing this, First Marine urges instead that the Lathams' bad faith allegation was unfounded and should never have been brought in the first place. Stripping any compensation from the claim, First Marine suggests, would appropriately sanction the Lathams.

We need not address the considerable difficulties this court would encounter, on a rather limited record, were we to reassess the Lathams' bad faith claim. This much we know: At the time it awarded the Lathams attorneys' fees, the district court had before it not only First Marine's motion for summary judgment on the merits of the bad faith claim, it also had the very contention that First Marine presses here, namely that the bad faith claim was wholly

unwarranted and should never have been part of this suit. Still the district court rejected First Marine's position.

Despite reducing the compensable time devoted to the bad faith claim, the court expressly stated, "I believe that some allocable share . . . with respect to the bad faith claim is appropriate because it [the ultimate disposition of the claim] is not clear one way or the other." Appellant's App., Vol. II at 382. Whatever else this signals, it hardly reflects a belief on the part of the court that the Lathams' bad faith claim was as unfounded as First Marine insists. No doubt the district court viewed the claim from a better vantage point than we.

For its part, First Marine has not persuaded us that the district court's finding regarding the potential merit of the bad faith claim is clearly erroneous. Nor, to the extent the district court's factual finding rested on matters of law, has First Marine convinced us that the court's legal analysis was incorrect. Given our limited role in reviewing an award of attorneys' fees, we are unable to say the court made a clear error of judgment or exceeded the bounds of permissible choice. We find no abuse of discretion. [1]

---

[1] We note that in an earlier hearing, the district court referred to certain "unsubstantiated motions" brought by First Marine. Appellant's App., Vol. II at 366. The court did not specifically identify which motions it had in mind, though it appears from the record that only two were pending: First Marine's summary judgment motion and its appeal from the magistrate judge's discovery ruling.

*B.     Compensation for FMFS*

First Marine next argues that the fee award is unreasonable because it includes compensation for time billed as part of the Lathams' effort to bring second defendant FMFS into the lawsuit. First Marine tells us that "FMFS should never have been a party to this case," since it is merely a holding company. Appellant's Br. at 14. Again, we defer to the district court.

At the attorneys' fee hearing, the court repeated its view that, like the Lathams' bad faith claim, the potential liability of FMFS "is not clear one way or the other." Appellant's App., Vol. II at 382. "[T]here is," the district court found, "a basis for including the second defendant." *Id.* at 388.

We note too, as stated earlier, that FMFS and First Marine each had pending before the district court motions for summary judgment at the time First Marine extended and the Lathams accepted the offer of judgment. By securing the dismissal of the lawsuit before the motions were decided, both First Marine and FMFS tactically avoided the uncertainty of an unfavorable decision from the district court. Under these circumstances, we will not disturb the district court's conclusion that the Lathams were entitled to some compensation for efforts directed at holding FMFS liable.

*C.     Size of Fee Award*

First Marine also argues that the $37,235 fee award is unreasonable given the size of the $50,005 judgment. But as the     district court   observed, this judgment was significantly more than the initial offer to settle the Lathams' insurance claim. Said the court to First Marine's lawyer: "You offered $10,000 for the longest time and then you upped that by five times and settled it; right?" *Id.* at 379. The intervening variable between the initial offer and the judgment, of course, was the litigation, from which, as even First Marine concedes, the Lathams emerged as the prevailing party.

The district court   also stated that First Marine was at least partially responsible for the "contentiousness" of the pretrial discovery, and, referring directly to counsel for First Marine, warned of its "lack of enthusiasm for your recalcitrance in this case."     *Id.* at 380-81, 366. Counsel for First Marine insists he was merely protecting the interests of his client. This may be so, but the client cannot escape the consequences of tactics that undeniably drive up the cost of litigation, even if such tactics amount to no more than aggressive advocacy. *See City of Riverside v. Rivera*    , 477 U.S. 561, 580 n.11 (1986) (defendant "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response") (quotation omitted) .

-8-

*D.    Simplicity of Breach of Contract Claim*

Accusing the Lathams' lawyers of overworking the case, First Marine claims that the relative simplicity of the underlying breach of contract claim renders the fee award unreasonable. Whether we could ever agree that any breach of contract case is as simple as First Marine believes this one to be is beside the point. Our earlier conclusion to accept the district court's finding that the pursuit of the bad faith claim by the Lathams was not inappropriate requires that we reject First Marine's contention. We are similarly guided by our determination that the district court did not err in awarding at least some fees to the Lathams for their efforts to hold FMFS liable as a additional defendant.

*E.    Constitutionality of Prejudgment Interest Statute*

First Marine next turns its gaze to the constitutionality of the statute under which the district court granted prejudgment interest to the Lathams. First Marine maintains that the statute, Okla. Stat. Ann. tit. 36, § 3629(B), violates the Equal Protection Clause of the Fourteenth Amendment.

That statute requires an insurer to submit a written offer of settlement or rejection of the claim to the insured within ninety days of receiving proof of the loss. In the event the insured refuses the offer and litigation ensues, the statute states that attorneys' fees shall be awarded to the prevailing party. The statute declares that the insured is the prevailing party, as here, when the judgment

exceeds the initial offer of settlement. First Marine challenges the next provision of the statute:

> If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict.

*Id.* First Marine argues this provision is unconstitutional because it imposes what the company says is a excessive rate of interest upon only one industry, the insurance industry. According to First Marine, the constitution prevents the legislature from targeting a single industry in this manner.

First Marine did not raise its constitutional challenge in its Rule 68 offer of judgment. Nor did it mention any such objection during the course of the parties' correspondence clarifying and defining the precise terms of the offer. And finally, the company did not signal its disagreement with the court's entry of judgment, which it "approved as to form and content" and which provided for prejudgment interest under § 3629. Appellant's App., Vol. I at 195, 207-08; Vol. II at 280-81.

It was not until two months after judgment had entered, during the hearing on attorneys' fees, that First Marine first mentioned on the record its "continuing objection to the constitutionality of 3629." *Id.* at 390. The order later signed by the district court granting attorneys' fees and interest to the Lathams reflects First Marine's "objection to the constitutionality" of the statute, as well as the

Lathams' contention that First Marine has waived any such objection. *Id.* at 285. A handwritten note in the margin indicates that "the court finds for plaintiff and against defendant on this claim." *Id.*

We are tempted to agree with the Lathams, as well as the district court, that First Marine has waived its constitutional challenge to the statute. We question whether objecting to a final judgment nearly two months after judgment has entered adequately preserves the objection for appeal. But because we can easily resolve the merits of what is a pure question of law, we will excuse any possible waiver committed by First Marine. *See Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990) (exercising discretion to hear issues for the first time on appeal, in part because proper resolution of the issue was beyond doubt).

Ordinary economic and commercial regulations are subject only to rational basis scrutiny under the Equal Protection Clause. *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313-14 (1993). The Supreme Court has admonished that rational-basis review in equal protection analysis "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Id*. at 313. Rather, a statute survives rational-basis scrutiny "if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). Moreover, under rational basis review, the legislature need not actually articulate the legitimate purpose or

rationale that supports the classification at issue. Instead, a statute "must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* (quotation omitted).

Under this deferential standard of review, we have no difficulty in concluding that § 3629 is constitutional. Among others, one possible rational basis for the statute is Oklahoma's presumed desire to encourage prompt and efficient settlement of insurance claims. The legislature may have felt that the insurance industry needed the threat of a high rate of prejudgment interest to encourage the settlement of claims. Perhaps, as First Marine would no doubt point out, the insurance industry is not solely responsible for any delay (perceived or actual) in the settlement of claims; perhaps policy-holders and their lawyers are to blame. This may be so, but we have never stated that a policy aimed at correcting a social ill need solve the entire problem in one fell swoop; in many cases it may be more prudent and efficacious to address social problems one step at a time, so that each step may be reviewed and adapted as necessary. *See Williamson v. Lee Optical of Okla., Inc.*, 348 U.S. 483, 489 (1955) ("[T]he reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.").

*F.      Postjudgment Interest*

Finally, First Marine argues that the district court erred in calculating postjudgment interest. The court awarded postjudgment interest under a rate provided by state law. First Marine claims the court should have employed the lower federal rate, which is found at 28 U.S.C. § 1961. The Lathams do not disagree. *See Everaard v. Hartford Accident & Indem. Co.*, 842 F.2d 1186, 1193 (10th Cir. 1988) (holding that in diversity cases the federal rate governs).

Instead, they maintain that First Marine has not preserved the issue on appeal, pressing the same argument they raised with respect to the claimed waiver of the prejudgment interest issue, namely that First Marine "approved" a judgment that said postjudgment interest would be calculated according to the state rate. Denying that it waived the issue, First Marine claims the parties could not agree on a final judgment and for that reason the district court held a brief hearing to iron out the differences; but at the hearing, according to First Marine, the district court refused to hear any argument.

We are dismayed at the prospect of having to decide yet another fact-intensive waiver dispute between the parties, especially in light of our limited role in reviewing an appeal from a attorneys' fee award. The parties plainly have ignored our admonition that a "request for attorney's fees should not result in a second major litigation." *Homeward Bound, Inc. v. Hissom Mem'l*

*Ctr.*, 963 F.2d 1352, 1360 (10th Cir. 1992) (quotation omitted). We are particularly troubled by First Marine's role in failing to resolve this dispute by agreement. Before any appeal was filed, counsel for the Lathams offered to correct the postjudgment interest rate, substituting the proper federal rate in place of the erroneous state rate. For reasons that escape us, counsel for First Marine declined, choosing instead to burden this court with an issue that could easily have been addressed below.

Despite our disapproval of counsel's conduct, we conclude that even if First Marine did not preserve its objection to the rate of postjudgment interest, the manifest injustice exception to the general waiver rule nonetheless compels us to address the issue on appeal. *See Doelle v. Mountain States Tel. & Tel.*, 872 F.2d 942, 944 n.4 (10th Cir. 1989). Adhering to our clear precedent, we reiterate that the federal rate of postjudgment interest governs diversity cases, and thus we reverse the district court in this regard.

However, in light of counsel's refusal to resolve the issue by agreement, costs attendant this appeal will be assessed to First Marine. Counsel should work with his adversary as a professional and be cognizant of this court's caseload.

We REMAND this appeal to the    district court   to correct the rate of postjudgment interest.  In all other respects, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge