**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 31, 2007**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GERALD LAMAR BOWEN,

    Defendant-Appellant.

No. 06-6325
(D.Ct. No. 99-CR-00008-C)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

    Defendant Gerald Lamar Bowen, a federal prisoner appearing pro se,

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

appeals the district court's denial of his motions for modification of restitution, to file a reply brief, and for reconsideration.[1] In support of his appeal, Mr. Bowen primarily asserts the district court improperly delegated to the United States Bureau of Prisons the responsibility for setting a schedule of restitution payments. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm the district court's denial of Mr. Bowen's motions.

## I. Procedural Background

Mr. Bowen entered a guilty plea to the crimes of bank robbery and using a firearm during the commission of a crime. At sentencing, the district court imposed a sentence totaling 248 months imprisonment and restitution in the amount of $4,310.00, due immediately, or, if not paid in full at the time of his release from confinement, by monthly payments of not less than $100 beginning no later than thirty days after his release. Mr. Bowen did not appeal his conviction and sentence.

Seven years later, Mr. Bowen filed a motion for modification of the restitution sentence or, alternatively, a stay of the order of restitution until his

---

[1] Mr. Bowen brings his motions, in part, pursuant to 18 U.S.C. § 3664(k) and (o), which provide the district court authority to determine whether to adjust the final judgment of restitution based on a material change in economic circumstances and allow him to appeal the district court's order under 18 U.S.C. § 3742.

release from prison, claiming the Bureau of Prisons improperly impounded funds from his prison trust account for the purpose of satisfying the restitution amount. The government filed a response opposing the request for modification or stay. Thereafter, the district court denied Mr. Bowen's motion, explaining the court's order of restitution did not delegate any responsibility to the Bureau of Prisons for its collection. Instead, the district court explained, Mr. Bowen's obligation to make payments to the Bureau of Prisons arose solely from his voluntary participation in the Inmate Financial Responsibility Program (IFRP), through which the Bureau of Prisons established a payment schedule to assist Mr. Bowen in meeting his monetary obligations. The district court also explained participation in such a voluntary program did not constitute an improper delegation to the Bureau of Prisons by the court.

Subsequently, Mr. Bowen sought permission to file a reply brief to the government's response, which the district court denied as moot. Mr. Bowen then filed a request for reconsideration, which the district court also denied.

## II. Discussion

On appeal, Mr. Bowen renews his claim the district court improperly delegated collection of the restitution amount to the Bureau of Prisons. For the first time on appeal, he also complains the district court: 1) abused its discretion

when ordering him to pay the entire restitution amount immediately or, if not paid in full at the time of his release from confinement, in $100-per-month payments beginning no later than thirty days from his release;[2] and 2) violated his due process rights when it denied him the opportunity to file a reply to the government's response to his motion for modification. The government opposes Mr. Bowen's appeal on grounds: 1) the district court did not delegate to the Bureau of Prisons the responsibility for setting a restitution payment schedule; and 2) restitution was mandatory under 18 U.S.C. § 3663A(c)(1)(A)(i) because Mr. Bowen was convicted of committing a crime of violence.

Turning to Mr. Bowen's appeal, we construe his pleadings liberally as he is proceeding pro se. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, it is clear his appeal lacks merit, and for the purpose of judicial economy we decline

---

[2] To the extent Mr. Bowen is attacking the execution of his sentence with regard to the restitution payments, the appropriate vehicle is a petition under 28 U.S.C. § 2241 filed with the district court where he is confined; similarly, if he is somehow challenging the validity of his sentence relating to his restitution, the proper vehicle is a 28 U.S.C. § 2255 petition filed in the district court that sentenced him. *See Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996). Regardless of how his motions are construed, because he is bringing them seven years after his initial sentence, it is clear the one-year statute of limitations imposed by the AEDPA would bar his motions under either statute. *See* 18 U.S.C. §§ 2241, 2244, and 2255. Extending every benefit to Mr. Bowen, we will address this issue as a motion for adjustment of the initial restitution order pursuant to 18 U.S.C. § 3664(k) and (o), over which we have jurisdiction under 18 U.S.C. § 3742. We note, however, he has not shown any "material change" in his "economic circumstances," as required by statute.

to fully address Mr. Bowen's assertions in support of his appeal, other than as follows.

First, we note that only his claim of improper delegation was brought before the district court.[3] As to the other claims, we generally do not consider claims raised for the first time on appeal, except, for instance, when the issue is a question of law, the proper resolution of which is beyond reasonable doubt, and the failure to address the issue would result in a miscarriage of justice. *See Shoels v. Klebold*, 375 F.3d 1054, 1062 (10th Cir. 2004) (relying on *Petrini v. Howard*, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990)). None of those criteria are presented here.

Even if we considered Mr. Bowen's claims, they must fail. First, the Mandatory Victims Restitution Act of 1996 (MVRA) requires the court to order full restitution in any case involving a conviction, like here, for a crime of violence.[4] *See* 18 U.S.C. §§ 3663A(c)(1)(A)(i) and 3664(f)(1)(A)*; United States*

---

[3] "An appeal of a district court's denial of a motion to reconsider raises for review only the district court's order of denial and not the underlying judgment itself," so that "we review a denial of a motion to reconsider only for an abuse of discretion." *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997) (quotation marks and citations omitted).

[4] "[T]he court shall order restitution ... in the full amount of each victim's losses as determined by the court and without consideration of the economic
(continued...)

*v. Zunie*, 444 F.3d 1230, 1238 (10th Cir. 2006).  Generally, "[d]istrict courts have substantial discretion in determining how restitution is to be paid."  *Wilson*, 416 F.3d at 1170 (quotation marks and citation omitted).  Pursuant to statute, the district court sets the manner and schedule for restitution repayment, *see* 18 U.S.C. § 3664(f)(2), and may "'direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.'"  *Wilson*, 416 F.3d at 1170 (quoting 18 U.S.C. § 3664(f)(3)(A)).  However, as Mr. Bowen suggests, the sentencing court is prohibited from delegating to the Bureau of Prisons the responsibility for setting the payment schedule for court-ordered restitution.  *See United States v. Overholt*, 307 F.3d 1231, 1255-56 (10th Cir. 2002) (generally relying on 18 U.S.C. § 3664).  Nevertheless, inmates participating in the IFRP under 28 C.F.R. §§ 545.10 and 545.11 may commit a percentage of their prison employment earnings toward the payment of court-ordered restitution.  *See United States v. Williams*, 996 F.2d 231, 234 (10th Cir. 1993) (supporting purpose of IFRP).

---

[4](...continued)
circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).  However, the defendant's economic circumstances are relevant in fixing a payment schedule. *See United States v. Wilson*, 416 F.3d 1164, 1170 (10th Cir. 2005) (relying on 18 U.S.C. § 3664(f)(2)).  Nothing in the record indicates the district court in any way abused its discretion in fixing the payment schedule or otherwise failed to properly take into account Mr. Bowen's economic circumstances.

Applying these legal principles, the district court did not abuse its discretion when it ordered Mr. Bowen to pay the restitution amount in full immediately or, if not paid in full at the time of release from confinement, by monthly payments. Moreover, a reading of the order establishes the district court did not improperly delegate to the Bureau of Prisons the responsibility for the manner of payment, payment schedule, or collection of restitution. Thus, Mr. Bowen's arguments to the contrary are wholly without merit and he has not otherwise shown a "material change" in his "economic circumstances," as required by 18 U.S.C. § 3664(k) for an adjustment in his restitution judgment. Finally, regarding Mr. Bowen's request to file a reply brief to the government's response to his motion for modification of restitution, we note such a reply would have been pointless, given the order on restitution patently did not delegate any responsibility to the Bureau of Prisons. Therefore, the district court did not err in denying him the opportunity to file a reply brief.

### III.  Conclusion

For the foregoing reasons, we grant Mr. Bowen's motion to proceed on appeal *in forma pauperis* and **AFFIRM** the district court's denial of Mr. Bowen's motions on the issue of restitution.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge