FILED
United States Court of Appeals
Tenth Circuit

December 7, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES D. CUNNINGHAM,

Plaintiff - Appellant,

v.

TOM RIDGE; MICHAEL MUKASEY;
DAVID M. STONE; JAMES LOY;
RENE DHENIN; RALPH HAMBLIN;
LINDA LANGLEY; RON DEGAUS;
ELLIE VASCONEZ; STEVE
GILLMOR; THOMAS MULHERN;
MARTINA GRIGGS JOHNSON;
CAROLYN J. WILLIAMS; VELMA
WILEY,

Defendants - Appellees.

No. 07-1074

D. Colo.

(D.C. No. 04-cv-01423-WDM-BNB)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James D. Cunningham appeals from the dismissal of his complaint, which alleges the Department of Homeland Security and, specifically, employees of the Transportation Security Administration (the TSA), wrongfully terminated his employment. We affirm.

## I. BACKGROUND

The TSA hired Cunningham in October 2002 as a "full-time 'temporary' employee for a period not to exceed five years." (Vol. I, Tab 1.) After working for the TSA at Walker Field in Grand Junction, Colorado, for approximately eight months, Cunningham failed to locate a pocket knife while screening a bag. Three days later, he was placed on administrative leave. He submitted a written report stating his version of events. Approximately one week later, Cunningham's employment was terminated because a security background check revealed he failed to disclose he was fired from a previous job. Cunningham filed a complaint with the Office of Special Counsel's Merit Systems Protections Board alleging he was wrongfully terminated for "whistleblowing." Eventually, Cunningham established that he was not fired from the previous job. On February 23, 2004, Cunningham was reinstated with no loss in pay or benefits but he never reported back to work.

On May 28, 2004, the TSA terminated Cunningham's employment for his

failure to locate the knife and for his disrespectful and abusive behavior when this failure was brought to his attention. Apparently, Cunningham did not seek administrative review of the termination. Cunningham filed a *pro se* complaint in federal district court claiming a violation of due process and whistle blower protections pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). His lawsuit named fourteen defendants in their official and individual capacities. He sent copies of the summons and complaint by registered mail to the eight defendants located in Washington, D.C. (D.C. Defendants) but did not effect personal service as required by Rule 4 of the Federal Rules of Civil Procedure.[1] The remaining defendants, located in Grand Junction (Local Defendants), were personally served at their workplace.[2] However, Cunningham delivered the complaint and summons for these defendants (in their official capacity) to Assistant United States Attorney Craig Wallace, who left the United States Attorney's office shortly thereafter and was not designated to receive service.

On October 28, 2004, Cunningham filed a motion for default judgment,

---

[1] The D.C. Defendants were Defendants Tom Ridge, Michael Mukasey for John Ashcroft, David M. Stone, James Loy, Carolyn Williams, Martina Griggs Johnson, Thomas Mulhern, and Velma Wiley.

[2] The Local Defendants were Defendants Ralph Hamblin, Rene Dhenin, Ron DeGaus, Linda Langley, Ellie Vasconez, and Steve Gilmore.

which was referred to a magistrate judge.[3]  The magistrate judge held a status conference on January 24, 2005, in which he carefully explained in detail the shortcomings of Cunningham's service of process to that point.  The magistrate judge reviewed the relevant rules with Cunningham and told him what he needed to do to properly effectuate service.  The magistrate judge wisely recommended Cunningham retain a lawyer to assist with the procedural requirements and gave Cunningham until February 28, 2005, to comply.  Pending that deadline, the magistrate judge recommended Cunningham's default motion be denied for failure to effect proper service on all defendants.  The court agreed and denied the motion.

The defendants filed motions to dismiss.  The Local Defendants filed in their individual and official capacities.  The D.C. Defendants filed in their official capacities.[4]  All defendants argued Cunningham's official capacity claims were barred by sovereign immunity. *See Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).  The Local Defendants also asserted Cunningham's individual capacity claims were pre-empted by the Civil Service Reform Act, 5 U.S.C. §§

---

[3]  Cunningham argues he never consented to the referral to the magistrate judge.  His argument fails to recognize the district court does not need his consent to "designate a magistrate judge to [consider any pre-trial motion] . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court. . . ."  28 U.S.C. § 636(b)(1).

[4]  The D.C. Defendants asserted no response was necessary in their individual capacities because they had not been properly served.

1201-1206 (the CSRA). *See United States v. Fausto*, 484 U.S. 439, 443 (1988); *Petrini v. Howard*, 918 F.2d 1482, 1483-84 (10th Cir. 1990). The magistrate judge recommended the court dismiss all the defendants in their official capacities based on sovereign immunity, but deny the Local Defendants' motion in their individual capacities because they had failed to cite to the specific CSRA regulations at issue. At the same time, the magistrate judge ordered Cunningham to show cause why he had not complied with the 2004 Order requiring proper service.

Cunningham failed to respond to the order to show cause, despite being given an extension of time to do so. On January 24, 2006, the magistrate judge recommended all claims be dismissed against the D.C. Defendants in their individual capacities for failure to prosecute by failing to effect service. The district court adopted the recommendations of the magistrate judge. It dismissed all official capacity claims based on sovereign immunity. The individual claims against the D.C. Defendants were dismissed for failure to prosecute. It agreed the claims against the Local Defendants in their individual capacities would remain pending but expressly invited them to renew their motion to dismiss.

Thereafter, the Local Defendants renewed the motion to dismiss, this time citing to the specific CSRA regulations pre-empting Cunningham's claims. The magistrate judge recommended the motion be granted. It further recommended the case be dismissed in its entirety due to Cunningham's failure to effect proper

-5-

service. The district court agreed. It dismissed the individual claims against the Local Defendants because Cunningham had failed to seek relief under the CSRA and dismissed the entire case.

Cunningham appeals, claiming he complied with the requirements for service of process. Cunningham does not address the substantive conclusions of the district court regarding sovereign immunity and preemption of his individual claims by the CSRA. Therefore, these issues are waived. *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 589 (10th Cir. 2007). As a result, the only remaining issue in this case is whether the district court properly dismissed Cunningham's claims against the D.C. Defendants in their individual capacities for failure to prosecute.

## II. DISCUSSION

We review the decision to dismiss a defendant for failure of proper service for abuse of discretion. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1186 (10th Cir. 2003). Although we liberally construe Cunningham's *pro se* complaint, we do not "assume the role of advocate." *Id.* at 1187-88. Moreover, Cunningham's pro se status "does not excuse [his] obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Rule 4(i) of the Federal Rules of Civil Procedure states in relevant part:

(2)    (B) Service on an officer or employee of the United

States sued in an individual capacity . . . is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

Rule 4(e) states:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, . . . may be effected in any judicial district of the United States:

(1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State;[5]  or

(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Cunningham claims he filed copies of the summons and complaint by certified mail to the D.C. Defendants, thereby effecting proper service.  However, the magistrate judge specifically informed him that merely mailing a summons and complaint was insufficient to effect service on the D.C. Defendants in their individual capacities.  Cunningham was told he also must provide proof of personal service under Rule 4(e).  He does not argue he has done so.

   **AFFIRMED.**

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[5]  Rule 4(e)(1) of the Colorado Rules of Civil Procedure also requires personal service.