**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER E. FLUD, as attorney-in-fact
for his father, Lawrence E. Flud, an
incapacitated person,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA, ex
rel. DEPARTMENT OF VETERANS
AFFAIRS, MUSKOGEE REGIONAL
OFFICE,

      Defendant-Appellee.

No. 12-5148

(D.C. No. 4:10-CV-00725-GKF-TLW)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

therefore, submitted without oral argument.

Roger E. Flud, acting as attorney-in-fact for his incapacitated father Lawrence E. Flud, appeals the district court's dismissal of his medical malpractice claim against the United States Department of Veterans Affairs (VA) under the Federal Tort Claims Act (FTCA). The district court dismissed Flud's claim after concluding that he failed to satisfy Oklahoma's statutory requirement that he attach a certificate of review to his medical malpractice complaint. We reverse the district court's dismissal of the claim and remand for further proceedings.

# I

In his complaint, Flud asserted a medical malpractice claim under the FTCA, 28 U.S.C. §§ 1346, 2671-2680, alleging that VA doctors failed to properly diagnose or treat his father's back injuries. The government filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that Flud failed to comply with Okla. Stat. tit. 12, § 19(A), which was passed as part of Oklahoma H.B. 1603 known as the Oklahoma Comprehensive Lawsuit Reform Act (CLRA). Section 19(A) requires that a plaintiff alleging professional negligence attach an affidavit of consultation with a professional expert attesting that the defendant's actions failed to meet professional standards of care. Okla. Stat. tit. 12, § 19(A)(1). If the plaintiff fails to attach the affidavit, the statute mandates dismissal of the claim upon the defendant's motion. Id. § 19(A)(2). Flud did not attach an

2

affidavit to his complaint.

Instead, he attached to his response to the government's motion an affidavit of his counsel and an unsigned written opinion from a doctor. The district court concluded that Flud failed to meet § 19's requirements and dismissed the matter without prejudice. The district court also filed a minute order granting Flud leave to amend his complaint. Instead of amending his complaint, however, Flud filed a motion to alter or amend judgment, which the district court denied. Thereafter, Flud filed a Motion for a New Trial, citing Fed. R. Civ. P. 69, which the district court construed as a motion under Fed. R. Civ. P. 59(e). In his second motion, Flud argued that his father was indigent and, therefore, fell within one of the exceptions to § 19's requirement. The district court denied Flud's Rule 59(e) motion.

On appeal, Flud raises three arguments: (1) that § 19 is unconstitutional under the Oklahoma Constitution; (2) that even if § 19 is constitutional, Flud satisfied § 19's requirements by submitting an affidavit from his attorney; and, (3) that Dr. Tomecek's written opinion independently satisfies § 19's requirements. On June 4, 2013, the Oklahoma Supreme Court held that § 19 was unconstitutional.[1] Accordingly, Flud's second and third arguments are now moot.

---

[1] After the Oklahoma Supreme Court issued these rulings, Flud filed a "Motion to Dismiss and Remand," under 10th Cir. R. 27.2(A)(1)(b), (c). Because his motion essentially seeks the same relief sought in his appeal, we construe Flud's motion as providing the court with supplemental authority pursuant to 10th

3

Generally, we review the district court's denial of a motion to reconsider under Rule 59(e) for abuse of discretion. Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167, 1172 (10th Cir. 2013) (quotation omitted). "[A]n appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment," here, the district court's underlying dismissal. Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1200 (10th Cir. 2011) (alteration in original) (quotation omitted).

However, Flud did not raise his argument that § 19 is unconstitutional before the district court. When faced with an intervening change in the law, we have stated that

> [a] federal appellate court is justified in reversing a judgment on the basis of issues not raised below when, as here, the issues involved are questions of law, the proper resolution of which are beyond reasonable doubt, and the failure to address the issues would result in a miscarriage of justice.

Cir. R. 28(j).

Petrini v. Howard, 918 F.2d 1482, 1483 n.4 (10th Cir. 1990).[2]

### III

"Under the FTCA, the United States is liable for its tortious conduct in the same manner and to the same extent as a private individual under like circumstances in that jurisdiction would be liable." Haceesa v. United States, 309 F.3d 722, 725 (10th Cir. 2002). The FTCA waives the federal government's sovereign immunity "'under circumstances' where local law would make a 'private person' liable in tort." United States v. Olson, 546 U.S. 43, 44 (2005) (emphasis omitted). "The terms of the government's consent to be sued define [federal courts'] jurisdiction." Ewell v. United States, 776 F.2d 246, 248 (10th Cir. 1985). The "source of substantive liability under the FTCA" is the law of the state where the alleged negligent act or omission occurred, here, Oklahoma. FDIC v. Meyer, 510 U.S. 471, 478 (1994); see Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004) ("[W]e conclude that the Colorado review statute[, which required that plaintiffs file a certificate of review to pursue

---

[2] In Richison v. Ernest Group, Inc., 634 F.3d 1123, 1128 (10th Cir. 2011), this court held that the standard articulated in Petrini is now stated in "slightly different terms, requiring a litigant to show the four elements of plain error." Id. However, the court concluded that the "substantive analysis under either articulation of the standard is similar" and required "establishing a clear legal error that implicates a miscarriage of justice." Id. The plain error standard requires that "a party . . . establish the presence of (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

5

professional negligence claims,] is applicable to professional negligence claims brought against the United States under the FTCA.").

On appeal, Flud argues that § 19 is unconstitutional because it violates the Oklahoma Constitution's prohibition of "special laws" under Article 5, § 46, and places an impermissible financial burden on access to the courts under Article 2, § 6. Two very recent rulings by the Oklahoma Supreme Court support Flud's contention that § 19 is unconstitutional.

On June 4, 2013, the Oklahoma Supreme Court issued two opinions addressing § 19. The first case, Wall v. Marouk, No. 109005, 2013 WL 2407160, at *1 (Okla. June 4, 2013), held that § 19 is unconstitutional because it is a "special law" and it places an "impermissible financial burden on access to the courts." The second case, Douglas v. Cox Ret. Props, Inc., No. 110270, 2013 WL 2407169, at *3 (Okla. June 4, 2013), held that § 19 is unconstitutional for a different reason. The court held that the CLRA violated Okla. Const. art. 5, § 46, which prohibits "logrolling" multiple subjects into a single bill. The court concluded that the CLRA, which contained ninety different sections including § 19, did not address a common subject matter and, therefore, violated the Oklahoma Constitution's single-subject rule. Douglas, 2013 WL 2407169, at *2-3 ("We hold that H.B. 1603 . . . is unconstitutional and void in its entirety.").

In the case before us, the district court dismissed Flud's claim solely because he failed to comply with § 19, which the Oklahoma Supreme Court has

6

since ruled is void and unconstitutional. See id. at \*3. Accordingly, the district court plainly erred in basing its dismissal on Flud's failure to comply with § 19. See Henderson v. United States, 133 S. Ct. 1121, 1130-31 (2013) (concluding that "whether a legal question was settled or unsettled . . . it is enough that an error be plain at the time of appellate consideration" (quotation omitted)). The Oklahoma Supreme Court's recent holdings that § 19 is void and unconstitutional resolve the legal issue beyond doubt. But for the district court's plain error, the result of the proceeding would have been different, i.e., the district court would not have dismissed Flud's claim for failure to comply with § 19. Permitting the district court's dismissal on grounds now ruled void and unconstitutional by the Oklahoma Supreme Court would "seriously affect[] the fairness, integrity, or public reputation of [the] judicial proceedings." Richison, 634 F.3d at 1128. Accordingly, reversal of the district court's dismissal of Flud's claim based on his failure to comply with § 19 is warranted.

## IV

We REVERSE the district court's dismissal of Flud's claim, and REMAND this matter to the district court for further proceedings. The motion to dismiss and remand is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7